IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                                      OPINION & ORDER

PAUL A. HEINRICH and CHARLES VOGEL            03-cv-75-jdp[1]
ENTERPRISES, INC.

        Defendants.

---

      This is an old case involving a civil action filed by the United States to enforce an order by the Environmental Protection Agency that defendant Paul Heinrich remediate a violation of the Clean Water Act. Defendant Heinrich has submitted a motion asking that the permanent injunction against him be dissolved and the he be granted a new trial. Dkt. 215. Heinrich appears pro se, although he is a lawyer licensed in Illinois.

      His submission comes with a cover letter to me, as chief district judge, asking me to consider whether it would be appropriate for a judge of this district to hear this matter. I infer that Heinrich thinks that because his motion alleges that Judge Shabaz, the original presiding judge, was biased, the other judges of this district might not be able to evaluate his motion fairly. But as I've already indicated in a text-only order, Dkt. 216, I see no reason why a judge of this district cannot address the matter. After all, when a judge of this district recuses himself or herself on the basis of a personal conflict, another judge of this district takes the case unless that judge also has a conflict. So the allegations against Judge Shabaz, who stopped taking cases

---

[1] Because Judge Shabaz is no longer on this court, the case has been reassigned to Judge Peterson.

nearly a decade ago, would not disqualify the entire court. As Judge Shabaz's successor, I am now the presiding judge in this case, and I'll address Heinrich's request.

I'll start with some background, which I get from the decision of the court of appeals because Heinrich doesn't provide it. *United States v. Heinrich*, 184 F. App'x 542, 543 (7th Cir. 2006). Heinrich owns property on Little Star Lake in northern Wisconsin. In 1997, Heinrich, without securing the necessary permits, built a road through a wetland so that he could get his seaplane from Little Star Lake to a hangar on his property. The EPA received a complaint, investigated, and ordered Heinrich to remove the road and restore the wetland. When Heinrich did not comply with the restoration order, the United States sued to enforce it. Judge Shabaz granted summary judgment to the United States and on June 17, 2005, issued a permanent injunction requiring restoration of the wetlands and prohibiting further violations of the Clean Water Act on Heinrich's property. Dkt. 175. Heinrich appealed and the Court of Appeals for the Seventh Circuit affirmed.

Now, more than a decade later, Heinrich seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure. If the motion is brought for the reasons given in subsections (b)(1), (2), or (3), it must be brought within one year of the entry of the judgment or order. Heinrich cites subsections (b)(4) and (b)(6), which are not subject to the one-year limit, but only the limit that such a motion be brought in a reasonable time. But whether Heinrich's motion is subject to a one-year limitation or the general reasonable-time limit, it is plainly untimely.

His main argument, expressed in sections 1 through 6 and 8 of his motion, is that Judge Shabaz was deeply prejudiced against Heinrich because he is a lawyer, and as a result Judge Shabaz did not give Heinrich a fair chance to present his case. Heinrich doesn't say whether he asked Judge Shabaz to recuse himself; my review of the docket of the case suggests that he

2

did not. Had Heinrich moved for recusal and been denied he could have raised the issue on appeal. And, even if he did not seek recusal, he could have raised any of the specific deficiencies in Judge Shabaz's decision-making that he cites in section 1 through 6 and 8 on his appeal. A Rule 60(b) motion is not a substitute for an appeal. *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008).

His secondary argument, presented in section 7, is that the government secured the injunction through fraud and concealment. According to Heinrich, during the district court litigation, government entities were re-writing a field manual to encourage illegal practices by government employees, but the government withheld this from the court. An allegation of fraud by an opposing party falls within the ambit of subsection (b)(3), which is subject to the one-year limit, which expired about 14 years ago. And Heinrich doesn't say when or how he discovered the information about the re-writing of the field manual, so I cannot conclude that he has made his motion in a reasonable time anyway.

Heinrich gives one more reason for his motion in section 9: the law is now more favorable to him. As he puts it, if the case were brought today, his case would have been summarily dismissed. Heinrich acknowledges that this is not an independent reason to grant relief under Rule 60, and I will not grant relief on this basis. A change in the law would not be grounds for reopening a long-closed civil case. *Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013) ("Rule 60(b) cannot be used to reopen the judgment in a civil case just because later authority shows that the judgment may have been incorrect.").

In any event, Heinrich does not articulate anything that he wants to do that is prohibited under the permanent injunction. The only continuing restriction is that Heinrich is enjoined from future violations of the Clean Water Act. So if he wants to build a road through

a wetland area, he can do so if he goes through whatever permitting process is applicable today. I will not reopen this long-closed case, or give Heinrich any of the relief he seeks.

ORDER

IT IS ORDERED that defendant Paul Heinrich's motion, Dkt. 215, is DENIED.

Entered September 17, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge